UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
**NYISHA PIERRE,**

                **Plaintiff,**

    -against-

**WELLS FARGO FINANCIAL NATIONAL BANK**
and **NAVIENT SOLUTIONS LLC,**

                **Defendants.**

------------------------------------------------------------- x

21-CV-3141 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

    Plaintiff Nyisha Pierre brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA"), against Defendants Wells Fargo Financial National Bank ("Wells Fargo") and Navient Solutions, LLC. Plaintiff alleges that Defendants reported inaccurate information to the Consumer Reporting Agencies, and that even after she disputed their accuracy, the alleged errors were not corrected.

    Defendant Wells Fargo now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim. For the following reasons, the Court dismisses Plaintiff's amended complaint.

## BACKGROUND

    All factual allegations are taken from the Amended Complaint ("AC"), at ECF No. 21. On or around February 2018, Plaintiff's account with Wells Fargo was closed. AC ¶ 16. At the time the account closed, there remained a balance due. Plaintiff and Wells Fargo allegedly entered into

a payment agreement on the balance, which called for Plaintiff to make monthly payments of set amounts. AC ¶ 17. Plaintiff asserts that she made "the agreed-upon monthly payments on time and in the proper amount each time they were due" and that "[a]t no time was she late or in default on these payments. AC ¶ 18. After pulling her consumer credit reports from Experian, Equifax, and Trans Union, Plaintiff discovered that the agencies reported late payments to the Wells Fargo account in October, November, and December of 2019, "despite Plaintiff's perfect history" of payment on the agreed upon terms. AC ¶¶ 20–22. Plaintiff claims that these late payments are inaccurate, that she sent correspondence to the Credit Reporting Agencies asking that they verify and correct the errors, and that Wells Fargo failed to "reasonably investigate" Plaintiff's disputes. AC ¶¶ 35–51. In disputing the accuracy of her consumer report, Plaintiff calls into question the automated system of reviewing disputes of credit reports, claiming that Defendants "do not conduct a substantive review of any sort to determine whether or not the information already in [Defendants'] computer systems is itself accurate." AC ¶¶ 27–35.

Plaintiff brings suit against Wells Fargo for alleged violations of the FCRA, which in relevant part requires that "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information; [and] review all relevant information provided by the consumer reporting agency[.]" 15 U.S.C. § 1681s-2(b)(1)(A) and (B). Due to Wells Fargo's alleged lack of investigation, Plaintiff claims that she suffered "actual damages" such as "loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress." AC ¶ 63.

**LEGAL STANDARDS**

*Rule 12(b)(1) Standard*

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

*Rule 12(b)(6) Standard*

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g., Faber v. Metro. Life Ins. Co.*, 648

3

F.3d 98, 104 (2d Cir. 2011). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable LLC,* 622 F.3d 104, 111 (2d Cir.2010) (citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002)). However, the court may also consider a document that is not incorporated by reference, "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir.2006)).

## ANALYSIS

As an initial matter, the Court does not believe that Plaintiff has alleged sufficient harm to qualify for Article III Standing. To have standing to sue, Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016). Plaintiff claims that she suffered "actual damages" such as "loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress." AC ¶ 63. However, Plaintiff provides no further explanation of the harm she suffered, such as the impact of the alleged inaccuracies on her credit as a result of Wells Fargo's alleged FCRA violation. Thus, we do not have enough information to find that Plaintiff suffered an "injury in fact" and would dismiss for lack of standing.

Even if Plaintiff had suffered an injury in fact, the Court also finds that she has failed to state a claim. To prevail on a claim under Section 1681s-2(b), a plaintiff must show that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher

thereafter acted in 'willful or negligent noncompliance with the statute." *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F.Supp.2d 340, 343–44 (E.D.N.Y. 2012) (quoting *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475 (DLC), 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002)). "Accuracy is also an essential element of a claim for negligent or willful violation of § 1681s-2(b) of the FCRA. Thus, a threshold showing of inaccuracy or incompleteness is necessary to succeed on a claim under § 1681s-2(b)." *Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020); *accord Holland v. Chase Bank USA, N.A.*, 475 F.Supp.3d 272, 276 (S.D.N.Y. 2020) ("A prima facie showing of inaccurate reporting is thus essential to maintaining a § 1681s-2(b) claim.") (internal quotations omitted).

Therefore, if the information in the credit report is accurate, "no further inquiry into the reasonableness of the consumer reporting agency's procedure is necessary." *Artemov,* 2020 WL 5211068 at *2 (internal citations omitted). "A credit entry is inaccurate if it is patently incorrect, or [if] it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* at *3 (quotations omitted).

Here, Plaintiff's credit report as pled in the Amended Complaint is not inaccurate. Wells Fargo has provided the account statements showing Plaintiff's history of late payments. *See* Mem. in Support of Motion to Dismiss, ECF 28, Exhibits A – E. The account statements are properly before the Court because the complaint "relies heavily upon [their] terms and effect" and Plaintiff has raised no dispute regarding the authenticity or accuracy of the statements. *See DiFolco v. MSNBC Cable LLC,* 622 F.3d 104, 111 (2d Cir.2010) (internal citations omitted). The Amended Complaint relies heavily on the "terms and effect" of the account statements. If the account statements are true (which we must assume, as Plaintiffs have not challenged their authenticity,

5

and Defendant has filed a Declaration attesting to their accuracy), there is no inaccuracy in the report and thus no claim.

Plaintiff has not pled that she did not receive the account statements from Wells Fargo (other than a single hypothetical line in Plaintiff's Opposition to the Motion to Dismiss, at ECF No. 32, p.17). Plaintiff has made no argument that the account statements noting her late and delinquent payments to Wells Fargo are inaccurate. She has provided no countervailing proof of her payment history, which she could accomplish with her own bank statements, cancelled checks, receipts, or other documentary evidence. As the Supreme Court has stated, The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. Plaintiff's repeated assertions of "inaccuracies" in her credit report, without more, are not sufficient to survive a motion to dismiss.

Finally, Plaintiff asserts that there is a "payment agreement" that governs her payments to Wells Fargo. AC ¶ 17. However, she has not provided the agreement, nor explained why she is unable to produce it for the Court's review. In fact, Wells Fargo's Motion to Dismiss challenges whether such an agreement even exists. *See* Mem. in Support of Motion to Dismiss, ECF 28 at 3, n.2 ("Plaintiff does not include any details regarding this so-called "payment agreement" or a copy of this "payment agreement".") This alleged agreement, along with any proof of her performance, could help the Court to better understand her "perfect history" of payment on the agreed upon terms. AC ¶¶ 22. Though the Court is required to make all inferences in Plaintiff's favor, we are not required to assume the existence and terms of a document that Plaintiff has not provided for our review.

## CONCLUSION

For the reasons above, we dismiss this case with leave to amend the complaint to provide greater detail of the alleged inaccuracies in Plaintiff's consumer report. Plaintiff may file an amended complaint within 14 days of this order if she believes that she can state a claim consistent with this decision. The Clerk of Court is respectfully directed to terminate ECF No. 28.

**SO ORDERED.**
**Dated:    New York, New York**
**          September 30, 2022**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**